## GILLIAM vs. TOWLES.

Where by the express terms of a contract for the purchase of timber, lying in the swamp, where cut, it was not to be paid for until after delivery, the delivery was a condition precedent to the vendor's right of action; and nothing short of an acceptance would make the vendee liable upon the common counts for goods sold and delivered.

If the vendee was bound by his contract to accept the timber by merely having it shown to him in the swamp, he might have become liable under such a contract for refusing to accept it when offered to be so delivered: but he cannot be held accountable for the value of the timber, if by reason of a sudden rise of water, not anticipated nor provided for in the contract, or the adverse possession of other persons, it became equally impossible for the vendor to make, or the vendee to accept, a delivery.

*Appeal from the Circuit Court of Desha County.*

The Hon. J. C. MURRAY, Circuit Judge.

JORDAN, for the appellant. When the contract was entered into, it was the mutual understanding of the parties that the timber should be delivered to Gilliam, in a condition that he could take immediate possession of it, or obtain the power and control over it, and not while in the actual possession of those who claimed the right to it and refused to surrender possession. 2 *Kent*

*Com.* 552, 554; *Chit. on Con.* (5 *Amer. Ed.*) 73, *and authority cited; Story's Con. Laws* 225: *Gunnison vs. Bancroft,* 11 *Verm.* 493; *Wilson vs. Troupe,* 2 *Cow.* 195.

There was no delivery of the timber according to the terms of the contract. The delivery must always be according to the subject matter of the contract, and the property must be placed under the control and power of the vendee. 2 *Kent Com.* 502; *Chit. on Con.* 390; *Bailey & Bogart vs. Ogdens,* 3 *J. R.* 421; 17 *Mass.* 110; 3 *Stark Ev.,* 1222; 15 *J. R.* 349.

Reasonable diligence was all that the law required of the vendee to obtain possession of the timber. *Story's Con. Laws, p.* 318, *note* 1, and authorities cited.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The judgment here appealed from must be reversed, for various causes. The declaration was indebitatus assumpsit, to recover the value of a quantity of cypress timber, alleged to have been sold and delivered by Towles, the plaintiff below, to the appellant. The witnesses, introduced on behalf of the plaintiff, proved conclusively that the contract between him and the defendant, respecting the timber, was a special one, subsisting and not rescinded or varied by any after agreement. The substance of it was, that the defendant bargained with the plaintiff for all the cypress and ash timber that had been cut by certain raftsmen on a tract of land claimed by the plaintiff, at fifty cents a tier, payable when the defendant should have run the timber or disposed of it. By agreement, a witness to the contract, acting as the plaintiff's agent, was to deliver the timber in question to the defendant, by going to and showing him the land, lying at some distance off in the swamp, on which it had been cut. The defendant was to raft the timber on the first rise of water, and after having ascertained the number of tiers, when collected together for that purpose, was to account to the plaintiff for the whole quantity, according to the price stipulated.

9BB

The witness attempted to make a delivery of the timber by going with the defendant to the land referred to, the greater part of which was overflowed, and some of the timber floating about in the water, which was rapidly rising at the time; and the whole evidence conduced to prove that it was doubtful, under all the circumstances, whether the defendant, by the exercise of ordinary or reasonable diligence, could have obtained or secured any benefit from the timber, even if there had been no other impediment. But the evidence also conduced to prove that the timber was in the adverse possession of the raftsmen, and the hands employed by them, who were then engaged in collecting it together for rafting; who refused to surrender it, and finally succeeded in running the whole of it off, and selling it as their own.

Without detailing the several instructions asked for by the defendant, one of which was given and the others refused, and supposing the declaration had been so framed as to let in proof of the special contract, the motion for new trial ought to have been granted; because, though the court charged the jury that, in order to enable the plaintiff to recover in this action, he must have proved to their satisfaction, that he sold and delivered the timber in question to the defendant, certainly two of the other instructions asked for by the defendant should have been given, to the effect, that if, at the time, the plaintiff, by his agent, showed the timber to defendant, it was impossible for him, after using reasonable diligence to get possession of it on account of the overflow, it was no delivery, and no property in the timber passed from the plaintiff to defendant; and further, that if, after the timber was shown to defendant, it was removed and carried off against his will, so that he could not, by reasonable diligence, have obtained possession of it, he is not liable to the plaintiff for its value.

Without reference to the statute of frauds, under which the the defendant might have refused to accept any delivery, there could be no obligation upon him, by the express terms of the contract, to pay for the timber until a delivery, which was a con-

dition precedent to the plaintiff's right of action in any form; and, under the contract as proved, nothing short of an acceptance of the timber would make him liable upon the common count for goods sold and delivered. If the defendant had become bound, by a valid contract, to accept the timber by having it merely shown to him in the swamp, where it lay upon the land claimed by the plaintiff, he might have become liable under the contract for refusing to accept it, when offered to be so delivered; but he ought not to have been held accountable for the value of the timber, if by reason of the sudden rise of water, a contingency not anticipated or provided for by the contracting parties, or the adverse possession of it by other persons, it became equally impossible for the plaintiff to make, or the defendant to accept, a delivery.    Judgment reversed.